IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILDEARTH GUARDIANS,

    Plaintiff,

vs.                                                            Civ. No. 07-00710 MV/WDS

THE BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF CATRON,

    Defendant.

## AMENDED MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on the Plaintiff's Motion for Summary Judgment, filed April 8, 2008 [Doc. 50]; on the Defendant's Motion to Strike Hearsay Evidence, filed May 19, 2008 [Doc. 56]; and on the Plaintiff's Motion to Strike Section II of Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment, filed June 3, 2008 [Doc. 61]. The Court has also considered both parties supplemental briefs [Docs. 69, 72]. Having considered the record, the parties' arguments, and the relevant law, and being otherwise fully advised of the premises, the Court concludes that it should disregard hearsay evidence offered in support of the motion for summary judgment; that it should consider Section II of the Defendant's response to the motion for summary judgment; and that, because genuine issues of material fact exist precluding a grant of judgment in favor of the Plaintiff, the motion for summary judgment should be **DENIED**.

### I. BACKGROUND AND RELEVANT STATUTES

The Court set out the background of this case in an Order denying the Board of County Commissioners for Catron County's (hereinafter "the Commissioners") motion to dismiss and denying WildEarth Guardian's (hereinafter "WildEarth") motion for preliminary injunction, *see* Doc.

67, and need not repeat that effort here.  WildEarth now seeks summary judgment on its request that the Court issue a declaratory judgment finding that the Commissioners violated 16 U.S.C. § 1538(a)(1)(B) of the Endangered Species Act ("ESA"), which makes it unlawful for any person to "take[1] any [endangered] species," and the corresponding regulations of 50 C.F.R. § 17.84(k)[2], by unilaterally authorizing its agent to attempt to trap one or more Mexican gray wolves without first receiving authority from the Federal Wildlife Service ("FWS").  WildEarth also seeks judgment in its favor on its request for a permanent injunction enjoining the Commissioners from "any and all further unauthorized attempts to trap or otherwise remove Mexican gray wolves from the wild."  Doc. 69 at 2.

## II.  APPLICABLE LEGAL STANDARDS

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c) (2008 Rev. Ed.); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Once the moving party makes a proper summary-judgment challenge, the "opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  FED. R. CIV. P. 56(e)(2);

---

[1] 16 U.S.C.A. § 1532(19) defines the term "take" as "to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct."

[2] 50 C.F.R. § 17.84(k)(3) provides: "No person, agency, or organization may 'take' [see definition in paragraph (k)(15) of this section] any wolf in the wild within the Mexican Wolf Experimental Population Area, except as provided in this rule.

*see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed.R.Civ.P. 56(c)). As the Supreme Court explained almost forty years ago in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970), the burden on the non-moving party to respond arises only if the summary judgment motion is properly supported as required by Rule 56(c). Thus, summary judgment is "appropriate" under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the moving party's evidence produced in support of the summary judgment motion does not meet this burden, "summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Id.* at 160 (italics in original) (quotation marks omitted); *see Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (holding that a district court may not grant a motion for summary judgment "without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate for no defense to an insufficient showing is required.") (quotation marks and bracket omitted).

When considering summary judgment motions,

> [h]earsay evidence is generally inadmissible. Fed.R.Evid. 802. Such evidence "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). A statement is not hearsay, however, if it is an admission of a party-opponent. Fed.R.Evid. 801(d)(2). An admission of a party-opponent is, among other things, a statement "offered against a party and is . . . (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's

3

> agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." *Id*.

*Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 984 (10th Cir. 2008).

The parties generally must follow the rules of civil procedure when briefing summary judgment issues. D.N.M.LR-Civ 56.1(b) provides, in part:

> A memorandum in opposition to the motion [for summary judgment] must contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the opposing party relies, and must state the number of the movant's fact that is disputed. All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted.

"A response brief must not exceed twenty-four (24) double-spaced pages." D.N.M.LR-Civ. 7.5.

### III. ANALYSIS

#### A. THE MOTIONS TO STRIKE.

**1. The motion to strike hearsay evidence.**

The Commissioners seek to strike Exhibits 3, 5, 17, 18, 20, 21, 23 to WildEarth's Motion for Preliminary Injunction, as well as paragraphs 5, 6, 8, 9, and 10 of the Declaration of Melissa Hailey from the Court's consideration of the motion for summary judgment because they are inadmissible hearsay. In response, WildEarth contends that "all portions of the challenged Exhibits [are] unnecessary to this Court's resolution of Guardians' MSJ." Doc. 59 at 4. The Court will grant the motion to strike and will not consider this evidence. *See Fischer*, 525 F.3d at 984.

**2. The motion to strike a portion of the Defendant's response.**

The Commissioners filed a 24-page Response in Opposition to WildEarth's Motion for Summary Judgment, which contains an eleven-page, unnumbered "Statement of Genuine Issues" at Section II that summarizes the background and legal aspects of the wolf problem in Catron County,

4

but that does not specifically correspond to WildEarth's Statement of Material Facts. *See* Doc. 57 at 4-15. The Commissioners also filed a separate document entitled "Statement of Genuine Issues In Response to Plaintiff's Statement of Material Facts" that contains eight pages of numbered statements specifically responding to WildEarth's Statement of Material Facts. *See* Doc. 55. WildEarth requests that the Court strike section II of the Commissioners' Response because, if the pages contained in document number 55 are added to the Response, it exceeds the 24-page limit provided by our local rules. In response, the Commissioners state that it was not their intention to circumvent the rules of procedure and they ask the Court not to strike the Response, but state that, if the Court "determine[s] that the filing of both briefs was in contravention of the local rules, Defendant respectfully requests that this Court strike only the following portions of the Response in Opposition: Section II, Parts A, B, and C," which would bring the Response and the Statement of Genuine Issues within the 24-page limit. Based on the actual number of pages that are at issue, the desire to resolve substantive motions on their merits, and the parties' requests, the Court will not consider sections B and C of the Response but will consider the relevant pages of the separately-filed Statement of Genuine Issues of Material Fact and the remainder of the Response.

### B.  THE MOTION FOR SUMMARY JUDGMENT.

The Defendants contend that WildEarth has not shown with admissible evidence that no genuine issues of fact exist regarding either that it violated the ESA or that it did not fall within the permitted exceptions to "taking" a wolf. As they point out, the "taking" of Mexican gray wolves is not absolutely prohibited under the Act.   An individual

> may "harass" . . . wolves that are within 500 yards of people, buildings, facilities, pets, "livestock" . . . , or other domestic animals in an opportunistic, noninjurious manner   . . .  at any time--provided that wolves cannot be purposely attracted, tracked, searched out, or chased and then harassed.  You

> must report harassment of wolves within 7 days to the Service's Mexican Wolf Recovery Coordinator or to a designated representative of the Service.

50 C.F.R. § 17.84(k)(3)(ii).  Further, the regulations provide that:

> On private land anywhere within the Mexican Wolf Experimental Population Area, livestock owners or their agents may take (including kill or injure) any wolf actually "engaged in the act of killing, wounding, or biting livestock" [see definition in paragraph (k)(15) of this section]; provided that evidence of livestock freshly wounded or killed by wolves is present; and further provided that the take is reported to the Service's Mexican Wolf Recovery Coordinator or a designated representative of the Service within 24 hours.

50 C.F.R. § 17.84(k)(3)(v).  And the regulations also provide that anyone:

> may harass or take a Mexican wolf in self defense or defense of the lives of others, provided that you report the harassment or take within 24 hours to the Service's Mexican Wolf Recovery Coordinator or a designated representative of the Service. If the Service or an authorized agency determines that a wolf presents a threat to human life or safety, the Service or the authorized agency may kill it, capture and euthanize it, or place it in captivity.

50 C.F.R. § 17.84(k)(3)(xii).

The Commissioners contend that any actions that they authorized arose from the need to defend County residents and their livestock, which is allowed under the ESA, and they have presented significant evidence in response to the motion for summary judgment to support that contention.

The Court first examines the evidence that WildEarth presents in support of its request for a summary declaratory judgment that the Commissioners violated the ESA by attempting to trap a Mexican gray wolf because, if WildEarth has not properly met its initial burden by supporting its claim with admissible evidence, summary judgment must be denied.  WildEarth contends in its motion for summary judgment that agent Carey "proceeded to set one or two traps for wolf AF924" around June 22, 2007, but that FWS officers saw "Carey setting up a trap and intervened, at which

point Carey 'stopped trying to trap the wolf.'" Doc. 50 at 8. As support for these statements, however, WildEarth references and provides only two pieces of "evidence." The first is a July 10, 2007 email from an individual who works for the New Mexico Ecological Services Field Office who was relating hearsay from another employee indicating that Carey had allegedly told him early in July that the traps were under lock and key and that "they were no longer trapping." Doc. 39, Ex. 23. This piece of evidence proves nothing regarding whether Carey set a wolf trap in June in violation of the ESA.

The second is a December, 2007 newspaper article setting out a reporter's hearsay understanding of the alleged incident between Carey and the FWS officers. *See id.*, Ex. 21. Both pieces of "evidence" are inadmissible hearsay that cannot be considered on summary judgment. But even more importantly, neither piece of "evidence" supports WildEarth's contention that Carey actually set or attempted to set illegal wolf traps in June 2007 at the Commissioners' direction. The reporter's statement of what FWS employees told him would establish only that the FWS employees' presence kept Carey from attempting to trap a wolf in June, 2007, and, therefore, from even facially violating the ESA, notwithstanding the Commissioners' defense that they had a statutory right to attempt to trap wolves that were actively endangering Catron County residents at their homes and barns, if they properly gave notice. WildEarth did not satisfy its initial burden to present admissible evidence establishing that the Commissioners violated the ESA by unlawfully attempting to trap a protected wolf.

WildEarth contends in its reply brief to the motion to strike the hearsay evidence that "the Commission's own admissions . . . [in ¶ 15 of its statement of genuine issues of material fact in document number] 55, negate their hearsay arguments" because the Commissioners allegedly

"admit[] that [Carey] set a trap 'near the Miller's home, in their yard,'" Doc. 59 at 4.  Having failed to initially establish its right to summary judgment, however, WildEarth cannot base its alleged entitlement to judgment on statements made in subsequent filings.  *See Adickes*, 398 U.S. at 160.  Even if the Court could  consider this contention, because "lawyer argument is not admissible evidence," *Perkins v. Silver Mountain Sports Club & Spa*, LLC, --- F.3d ----, 2009 WL 458559 at *5 (10th Cir.  2009), the Court must examine the "evidence" cited for that alleged admission.

The citation is again to an email from the same employee at the New Mexico Ecological Field Office.  The email purports to convey a June 2007 Commissioner-prepared press release notifying the public that it had given FWS twenty-four hours notice that it *intended to* attempt to trap a problem wolf if the FWS did not remove the wolf.  The press release states that Cary, the Commission's investigator, "has set up camp outside the family's house and *intends to* trap for the wolf and turn it over to the FWS."   Doc. 39, Ex. 22 (emphasis added).  The statement of future intent is not evidence that Carey actually attempted to trap a wolf.  Further, the Court has examined Carey's declaration regarding the June 2007 events and nowhere does he state that he ever actually attempted to trap a wolf.  Instead, in his declaration he states that the Board of Commissioners instructed him to "construct traps that [it] intended to use to catch the wolves if it was granted a permit from the [FWS] to act as an agent of that governmental agency . . . ," Doc. 30 at 7, ¶31; and that in November 2007, he was specifically instructed "not to set the traps," *id.* at 10, ¶ 46.

In short, the Court concludes that WildEarth has presented absolutely no admissible evidence in support of its assertion that the Commissioners ever actually unlawfully attempted to trap a protected wolf or otherwise violated the ESA.  Accordingly, the motion for summary judgment must be denied.

**IT IS ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc. 50) is **DENIED**;

**IT IS FURTHER ORDERED** that the Defendant's Motion to Strike (Doc. 56) is **GRANTED**; and that the Plaintiff's Motion to Strike (Doc. 61) is **GRANTED in part** and **DENIED in part**.

**DATED** this 31st day of March, 2009.

_____
**MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

Melissa Hailey
WildEarth Guardians
312 Montezuma Ave., Ste. A
Santa Fe, NM 87501

Aletta Belin
Belin & Sugarman
618 Paseo de Peralta
Santa Fe, NM 87501

*Attorneys for Defendant:*

Adren R. Nance
Nance, Pato & Stout, LLC
P.O. Box 772
Socorro, NM 87801

Ron Shortes
P.O. Box 533
Pie Town, NM 87827

Kathryn Brack Morrow
Karen Budd-Falen
Budd-Falen Law Offices, LLC
P.O. Box 346
Cheyenne, WY 82003